**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                        *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON NEIBURG,** | : | Civil Action No. |
| **1700 Pine Street, Apartment 1R** | : | |
| **Philadelphia, PA 19103** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **MARATHON GRILL RITTENHOUSE** | : | |
| **SQUARE, INC. d/b/a MARATHON** | : | |
| **GRILL,** | : | |
| **121 S 16th Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **P.O. Box 533** | : | |
| **Bala Cynwyd, PA 19004-0533** | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Brandon Neiburg (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Marathon Grill Rittenhouse Square, Inc. d/b/a Marathon Grill (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Marathon Grill Rittenhouse Square, Inc. d/b/a Marathon Grill is a restaurant with a location at 121 S 16th Street, Philadelphia, PA 19102 and with a corporate headquarters located at PO Box 533, Bala Cynwyd, PA 19004-0533.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2020-03137 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 10, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In April 2013, Defendant hired Plaintiff in the position of Bartender/Server at its 1818 Market Street location.

21. Plaintiff was well qualified for his position and performed well.

22. Throughout his employment with Defendant, Plaintiff worked in multiple positions and at multiple locations at the same time.

23. In January 2019, Defendant promoted Plaintiff to General Manager of its 121 S 16th Street location.

24. Plaintiff continued to perform other job duties at other locations.

25. On July 3, 2019, Plaintiff informed Vickie Izzo, Director of Operations, that he was too ill to report to work.

26. Ms. Izzo stated to Plaintiff that he could take a week off in September 2019, but that he could not take off that day.

27. Plaintiff informed Ms. Izzo that it was not possible for him to report to work that day due to how ill he was.

28. Plaintiff symptoms worsened significantly

29. On July 8, 2019, Plaintiff was taken to Penn Presbyterian Hospital for treatment and was diagnosed with a pneumonia.

30. The major life activities affected by pneumonia, include, but are not limited to, performing manual tasks, breathing and working.

31. Plaintiff was treated at Penn Presbyterian Hospital until his release on or around July 16, 2019.

32. The same day as Plaintiff's release, he was taken to Recovery Center of America ("RCA") for treatment of Plaintiff's other disability of substance addiction.

33. The major life activities affected by substance addiction, include, but are not limited to, caring for oneself, thinking and working.

34. Early on in Plaintiff's treatment at RCA, Plaintiff informed Andrew Conover, General manager of Defendant's 19th and Spruce location, of his hospitalizations and treatment.

35. On or around July 29, 2019, Plaintiff was released from his treatment at RCA.

36. On July 31, 2019, Plaintiff informed Ms. Izzo that she wanted to meet with her to apologize and discuss his medical leave of absence.

37. Ms. Izzo told Plaintiff that she would notify him of a good time to meet.

38. However, Ms. Izzo did not contact Plaintiff.

39. Several days later, Plaintiff followed-up with Ms. Izzo and inquired when a good time to meet would be.

40. However, Ms. Izzo never responded to Plaintiff.

41. Plaintiff took Ms. Izzo not responding as confirmation of his termination from Defendant.

42. In or around the fall of 2019, Plaintiff began to receive letters from collection agencies regarding his July 2019 hospitalizations at Penn Presbyterian Hospital and RCA.

43. Plaintiff called Blue Cross Blue Shield ("BCBS"), his health insurance provider at the time, and the BCBS Representative informed Plaintiff Defendant had listed his date of termination as July 2, 2019 and had also ended his health insurance on that date.

44. Plaintiff had worked at Defendant's 121 S 16th Street location on July 2, 2019.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

47. Plaintiff was qualified to perform the job.

48. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

49. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

50. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

51. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

52. The purported reason for Defendant's decision is pretextual.

53. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

54. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

55. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

58. Plaintiff was qualified to perform the job.

59. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

60. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

61. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

62. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

63. The purported reason for Defendant's decision is pretextual.

64. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

65. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

66. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff engaged in activity protected by the ADA when he requested a reasonable accommodation in the form of a medical leave of absence.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

72. Plaintiff engaged in activity protected by the PHRA when he requested a reasonable accommodation in the form of a medical leave of absence.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Brandon Neiburg, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 8, 2020      **By:**   */s/ David M. Koller*
　　　　　　　　　　　　　　　　David M. Koller, Esquire (90119)
　　　　　　　　　　　　　　　　2043 Locust Street, Suite 1B
　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　215-545-8917
　　　　　　　　　　　　　　　　davidk@kollerlawfirm.com

　　　　　　　　　　　　　　　　*Counsel for Plaintiff*